UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL S. LEHV, M.D., J.D.,**

      **Plaintiff,**                        Case No. 2:07-cv-653
                                             JUDGE GREGORY L. FROST
      **v.**                              Magistrate Judge Terence P. Kemp

**STANDARD INSURANCE COMPANY,**

      **Defendant.**

### OPINION AND ORDER

This matter is before the Court on Defendant Standard Insurance Company's Motion to Dismiss (Doc. ## 10, 11[1]), Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. # 15), and Defendant Standard Insurance Company's Reply Memorandum in Support of its Motion to Dismiss (Doc. # 19). For the reasons that follow, the Court **GRANTS** Defendant's motion.

### I. Background

In 1989, Minnesota Mutual Life Insurance Company ("MML") issued policy No. 1-825-966H (the "policy") to Plaintiff. (Doc. # 12.[2]) The policy provided that, should Plaintiff become disabled from performing his job as a plastic surgeon, he would receive a lifetime Basic

---

[1] Defendant filed as a separate document its memorandum in support of its motion. (Doc. # 11.)

[2] Defendant filed the policy as an exhibit to its motion to dismiss. (Doc. # 12.) As a general rule "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). However, documents attached to a motion to dismiss "are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Id.* at 89; *McGee v. Simon & Schuster Inc.*, 154 F. Supp.2d 1308, 1311 fn.3 (S.D. Ohio 2001). Here, the policy is referred to in the Complaint and is central to Plaintiff's claims. Thus, the Court may refer to the policy without converting Defendant's motion to one for summary judgment.

Disability Benefit of $15,000 per month and an additional amount of $2,500 per month until he reached age 65 pursuant to the Additional Disability Monthly Income Agreement ("ADMIA") of the policy. In addition, the policy contained a monthly income Benefit Escalator Agreement that provides that the monthly benefit would increase by 6% at the end of each benefit year until the monthly benefit doubled or until the policy anniversary following Plaintiff's 65th birthday, whichever came later. The policy also provided that no changes would be valid unless they were in writing and signed by specific employees or agents of Defendant.

On May 1, 1995, MML determined that Plaintiff was disabled under the policy. Subsequently, Defendant assumed the policy and the responsibilities for administering it. It is not disputed that Plaintiff has remained disabled since MML's determination in 1995.

Commencing on October 23, 2001, Defendant provided Plaintiff with "annual reviews," stating that his "Basic Monthly Benefit" was $17,500. (*See* Exhibits attached to Doc. # 15.[3]) In addition, Defendant provided a letter, dated April 9, 2002, indicating that this amount would continue until 2042. The parties agree that Defendant's statement does not reflect the terms of the policy. The parties also agree that the letter was not signed by an agent of Defendant or other person who had the authority to change or waive any provision of the policy.

On October 23, 2006, Defendant notified Plaintiff that pursuant to the policy, his benefits would be reduced effective October 10, 2007 by the amount payable pursuant to the ADMIA, which totaled $5,000 per month. The $5,000 reflects the $2,500 ADMIA amount set forth in the policy as adjusted pursuant to the Benefit Escalator Agreement. Pursuant to the policy, the

---

[3]As explained previously, the Court may consider the letters attached as exhibits Plaintiff's opposition memorandum because they are all referred to in the Complaint and are central to Plaintiff's claims. *See Weiner*, 108 F.3d at 89.

$5,000 ADMIA reduction would be made in October 2007 because the policy anniversary after Plaintiff's 65th birthday would occur in October 2007. Plaintiff challenged Defendant's application of the policy provisions that resulted in the termination of benefits payable pursuant to the ADMIA (a $5,000 reduction). Defendant rejected Plaintiff's appeal.

On July 10, 2007, Plaintiff filed this action requesting declaratory relief, alleging that "Defendant is equitably estopped from enforcing the policy as written due to its misrepresentation of fact upon which Plaintiff justifiably relied." Complaint ¶ 15. Specifically, Plaintiff alleges that Defendant misrepresented two facts. First, Plaintiff argues that the term "Basic Monthly Benefit," to which Defendant referred in the annual reviews, is a confusing term. That is, although it reflects the policy amount of a $15,000 disability benefit plus a $2,500 ADMIA benefit, the term is very close to the term used for the policy disability payment excluding ADMIA, (*i.e.*, "Basic Disability Benefit ($15,000)"). Second, Defendant's April 9, 2002 letter misrepresented that Plaintiff would receive ADMIA until 2042.

The parties do not dispute that Plaintiff will continue to receive $30,182.95 per month, which amount equals the Basic Disability Benefit ($15,000) set forth in the policy as adjusted pursuant to the Benefit Escalator Agreement. Plaintiff's claims relate only to the $5,000 per month ADMIA payment (*i.e.*, the $2,500 ADMIA amount set forth in the policy as adjusted by the Benefit Escalator Agreement).

## II. Standard

Defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). Under the United States Supreme Court's recent articulation of the standard, this Court must construe the Complaint in favor of Plaintiff, accept the factual allegations contained in the Complaint as

true, and determine whether Plaintiff's factual allegations present plausible claims. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). The claims must be plausible and not merely conceivable. *Twombly*, 127 S. Ct. at 1974; *Tucker v. Middleburg-Legacy Place, LLC*, No. 1:07CV2015, 2007 WL 3287359, at *2 (N.D. Ohio Nov. 5, 2007).

### III. Discussion

In his memorandum opposing Defendant's motion, Plaintiff argues that:

> [Defendant] does not contend that [Plaintiff] failed to state a plausible claim under the Ohio law, namely equitable estoppel. [Defendant] asks the court, solely on the basis of the complaint and the documents referred to in the complaint, in effect to eliminate equitable estoppel as a claim against an Ohio insurer.

(Doc. # 15 at 1.) Further, Plaintiff contends that:

> [Defendant]'s position is that if there is no coverage provided under an insurance policy (a copy of which the insured has), then coverage in fact can never be expanded no matter how misleading the insurance company is, how much the insured relies upon those misrepresentations, or how much the insured is damaged. Thus, [Defendant] wants this court to declare that equitable estoppel is not a viable claim against an Ohio insurer.

*Id.* at 5.

This Court, however, disagrees with Plaintiff's interpretation of Defendant's argument. That is, Defendant is not asking the Court to declare that equitable estoppel is not a viable claim against an Ohio insurer. Instead, Defendant admits that equitable estoppel is indeed a conceivable claim under Ohio law; however, Defendant contends that it is not a "plausible" claim under the facts presented by Plaintiff.

Plaintiff's confusion lies in his interpretation of *Twombly*. *Twombly* instructs that a claim need only be "plausible" to survive a motion to dismiss for failure to state a claim upon which relief can be granted. *Twombly*, 127 S. Ct. at 1974. Plaintiff interprets plausible to mean that if

4

the law recognizes the cause of action it is a plausible claim and cannot be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). However, *Twombly* specifically warns against this interpretation, stating that if a claim is not plausible and is only conceivable, it must be dismissed. *See id.* ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

In the instant action, although Plaintiff has stated a conceivable claim, *i.e.*, equitable estoppel, that cause of action is simply not plausible under the facts as they are set forth by Plaintiff in the Complaint. Specifically, to state a claim of equitable estoppel under Ohio law, a plaintiff must prove (1) there was a factual misrepresentation, (2) which was misleading, (3) and induced reasonable and good faith reliance, (4) to the detriment of the relying party. *Lubrizol Corp. v. Nat'l Union Fire Ins. Co.*, 200 Fed. Appx. 555, 564 (6th Cir. Oct. 17, 2006). The only element in dispute is the third.

With regard to the third element, where the insured "knew or should have known of his ineligibility" for a certain policy benefit, the reliance cannot be said to be reasonable or in good faith. *Pedler v. Aetna Life Ins. Co.*, 23 Ohio St. 3d 7, syl. (1986) (estoppel does not apply where the insured "knew or should have known of his ineligibility"); *Lubrizol Corp.*, 200 Fed. Appx. at 564 ("As a general rule, the doctrines of waiver and estoppel may not be used to expand the coverage described in the policy" citing to *Hybud Equip. Corp. v. Sphere Drake Ins. Co., Ltd.*, 64 Ohio St.3d 657, 597 (1992)); *Kilgus v. Minnesota Mut. Life Ins.*, No. 3:05-CV-7279, 2006 U.S. Dist. LEXIS 60295, at *13-16 (N.D. Ohio Aug. 24, 2006) (refusing to apply equitable estoppel where the plaintiff knew that her contractual rights contradicted the representations upon which she claimed to rely). Plaintiff provides three arguments to support the proposition

5

that he reasonably relied on Defendant's alleged misrepresentations.

Plaintiff first argues that because Defendant referred to the monthly amount Plaintiff received ($17,500) as a "Basic Monthly Payment," it misrepresented that his "Basic Disability Payment," was $17,500. Thus, Plaintiff contends that he reasonably relied on receiving the $17,500 for the rest of his life–even though he admits that the policy only provides for a lifetime Basic Disability Payment of $15,000 per month.

Second, Plaintiff contends that he reasonably relied on receiving the ADMIA payment until 2042 based on Defendant's April 9, 2002 letter, which mistakenly indicated Plaintiff would continue to receive the additional $2,500 per month ADMIA payment until the year 2042.

Third, Plaintiff relies upon *Jefferson-Pilot Life Ins. v. Kearney*, 2006 U.S. Dist. LEXIS 2758 (S.D. Ohio Jan. 26, 2006), to support his arguments. In *Jefferson-Pilot*, the court applied equitable estoppel to require an insurer to continue to pay an insured a monthly disability amount that was mistakenly paid to the insured.

The Court concludes that, even accepting Plaintiff's allegations as true, they are insufficient to justify expanding the policy coverage pursuant to the doctrine of equitable estoppel. With regard to Defendant's first argument, Defendant simply did not misrepresent the amount of Plaintiff's disability payment. While it is true that the phrases are similar, *i.e.*, "Basic Monthly Benefit" and "Basic Disability Benefit," they are not the same. This Court is not persuaded that Plaintiff, a sophisticated consumer by any standard, reasonably relied on this misinterpretation to plan his financial future. *See Jefferson-Pilot Life,* 2006 U.S. Dist. LEXIS 2758, at *20 ("Given the relative knowledge and experience of the parties, it was not unreasonable for [the plaintiff-insured] to rely on [the insurance companies'] representations that

6

he was entitled to the [disability payment] increases.").

In Defendant's second argument, Defendant merely stated in error that the ADMIA would be continued until 2042, which, as a matter of Ohio law, is "insufficient to justify an exception to the general rule" that insurance policies cannot be expanded by estoppel. *Lubrizol*, 200 Fed. Appx. 55 at 566 ("merely having been given an erroneous statement of coverage, without more, would be insufficient to justify an exception to the general rule" that insurance policies cannot be expanded by estoppel).

Defendant's third argument relying upon *Jefferson-Pilot Life* is misplaced. In *Jefferson-Pilot*, the court applied equitable estoppel to require an insurer to continue to pay an insured a monthly disability amount that was mistakenly paid to the insured. In that case, the insurer committed an overt act in furtherance of its misrepresentation – *i.e.*, something "more" than a mere representation. *Id.* at *20. Indeed, the plaintiff was paid for nine years and at no point prior to the litigation did the insurer question the parties' rights regarding payment. *Id.* at 21. Here, Plaintiff was never paid an incorrect amount. One letter mistakenly indicating an amount to be paid in the future is in no way comparable to being mistakenly paid for over nine years. It is readily apparent why the latter invokes reasonable reliance while the former does not.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS** Defendant Standard Insurance Company's Motion to Dismiss. (Doc. # 10.) The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in Defendant's favor.

**IT IS SO ORDERED.**                                /s/ Gregory L. Frost
                                                     **GREGORY L. FROST**
                                                     **UNITED STATES DISTRICT JUDGE**